### CLEVELAND CITY RAILWAY CO. v. DAVID ROEBUCK.

**1. EVIDENCE—NON-EXPERT—EXPRESSIONS OF PAIN AND SUFFERING.**

The testimony of the daughter of plaintiff in an action for personal injuries that plaintiff, after reaching home, complained of his back and limb some time after the injury alleged, is not like a narrative of a past event or a statement of what plaintiff said, but is, in effect, that he simply made some complaint or exclamation as to his back or limb, and is admissible only as evidence that plaintiff manifested by words that he was suffering.

**2. MISCONDUCT OF COUNSEL IN ARGUMENT—CURED.**

Where counsel in his argument to the jury, in an action for personal injury, uses language calculated to prejudice the jury and divert their minds from the issues in the case on trial, and which should not have been used, but upon objection of opposing counsel, and before the court has opportunity to interfere and admonish him, withdrew the statement and directed the jury to banish it from their minds, and the court instructed the jury that it was not proper argument, the judgment will not be reversed because of such misconduct of counsel.

**3. PASSENGER SHOULD NOT BE EJECTED WHILE STREET CAR IS IN MOTION.**

The action of a conductor on a street car in ejecting a passenger while the same is in motion, cannot be justified upon the ground that the passenger refused to pay his fare, and his conduct was objectionable, and especially if the passenger was in the act of getting out his money to pay his fare when he was put off; and the passenger, in such case, would be entitled to recover if he received greater injuries by being put off while the car was in motion than he would have received from being ejected when it was at a standstill.

**4. VERDICTS—EXCESSIVE—REMITTITUR.**

Where a person ejected from a street car produces no medical testimony to the fact of his being seriously injured, and the testimony of the railway physician showed the injuries to have been very slight, and it appears that plaintiff was detained from his work but a few days and was able to go to Colorado and later to England, the court directed reversal of judgment of $550 unless plaintiff consented to a remittitur of $350.

HEARD ON ERROR.

*Squire, Sanders & Dempsey*, for plaintiff in error.

*Noble, Pinney & Willard*, for defendant in error.

MARVIN, J.

This is a proceeding in error brought for the purpose of reversing the judgment of the court of common pleas of this county.

There is filed with the petition in error a bill of exceptions, containing all the evidence in the case.

David Roebuck brought suit against the Cleveland City Railway Company, seeking to recover damages by reason of personal injuries re-

ceived by him, as he claims, at the hands of the conductor and trolley-man of a car of the railway company, in ejecting him from a car of the company on which he was a passenger on March 1, 1898. The facts are, that Roebuck was a passenger on a car of the railway company on the date last named, and was riding to the west on St. Clair street early in the morning, being on his way to work at a manufacturing establishment where he was employed, and he was ejected from the car by the conductor and trolley-man.

The railway company insist that Roebuck was properly ejected from the car for refusing to pay his fare, and that the car was standing at the time he was so ejected, and that he was, in no wise, injured by being put off the car.

When Roebuck entered the car, he had in one hand a package, probably containing his noon luncheon; in the other hand he had a piece of bread and perhaps some other article of food on which he was making his breakfast. The conductor asked for his fare more than once, and it was not paid. There is a conflict of evidence as to whether Roebuck was about to pay it when he was put off, and as to whether the car was in motion or standing still at the time, and whether he was injured to any considerable extent.

While Roebuck's daughter, Mrs. Holler, was upon the stand as a witness in his behalf, she testified that she and her father lived together; that some two or three hours after he left the house to go to his work in the morning, he returned. Then she was asked to describe his condition when he so returned to the house. She answered that he was very lame and his hand was done up, and that his hand was bandaged when he came home. Having answered fully as to the condition of the hand, she was asked this question: "Where else was he hurt, if you know?" To which she answered, " He complained of his back and his limb." A motion was made by the railway company to exclude *this* answer from the jury; this motion was overruled, and the railway company assigns this as one of the errors on the part of the court.

In support of this claim, authorities are cited to the proposition that a non-expert may not repeat any narrative or statement of one injured, as to the symptoms or condition of pain or suffering, past or present.

Attention is called to the case of the L. S. & M. S. Ry. Co. v. Yokes, 5 Circ. Dec., 599 (12 R., 499). The opinion rendered by Judge Laubie in that case, goes very extensively into the question of what declarations of one who has been injured may be given in evidence in a suit brought to recover for such injuries, and numerous authorities are cited. An examination of these authorities seems to establish the rule as expressed in that case, a non-expert, called by the plaintiff, may testify to spontaneous manifestations on her part of a present existing pain, such as screams, groans or exclamations which are the usual and natural accompaniment of great bodily pain; but he cannot be permitted to testify to anything in the way of a narrative or statement by the plaintiff of her symptoms, condition, pain or suffering, past or present, even although voluntarily made by way of complaint.

We are of opinion, however, that the question here being considered, does not come within the rule.

No statement of Roebuck was given by Mrs. Holler, but only the fact of complaint. It was not like a narrative of any past event, or a statement of what he said, but, in effect, was that he simply made some

complaint or exclamation as to his back and limb. Doubtless, she meant to convey to the jury that he complained, or that he manifested by words that he was suffering in his back and limb, although this is not what she said, but, unless she meant this, it had no application to the case at all, and, if she did mean this, it was not inadmissible

Complaint is further made that counsel for Roebuck was guilty of such misconduct in his argument to the jury as ought to result in a reversal of the judgment.

In his closing argument to the jury, Judge Noble said: "Why, gentlemen, you can see the working of the hand of this street railroad company; you see it over in the city hall, and all through the court house."

Immediately upon this being said, counsel for the railroad company objected to the use of the language.

Judge Noble immediately said to the jury, "I take it all back, gentlemen of the jury; banish it from your minds."

And the court said, "That is not proper argument."

That the language used ought not to have been used, is clear. It was calculated to prejudice the jury and divert their minds from the issues in the case on trial. But every thing seems to have been done that could have been to remedy the mistake which was made. Counsel immediately withdrew the statement from the jury and told them to banish it from their minds, and the court, in the presence of the jury, said that it was not proper argument.

We are cited to Hayes v. Smith, 62 Ohio St., 161 [56 N. E. Rep., 879]. The eighth clause of the syllabus in that case reads:

"It is a duty of the trial court, which is not merely discretionary, when counsel grossly abuses his privilege to the manifest prejudice of the opposite party, to interpose and admonish the offending counsel and to instruct the jury in regard thereto; and if it fail to do so, it is ground for a new trial."

Here, before the court had an opportunity to interpose and admonish counsel, he himself withdrew his statement from the jury, told them not to regard what he had said, and the court instructed him, in the presence of the jury, that what he had said was not proper. What more could have been done for the benefit of the railway company?

It would seem that for counsel to recognize the mistake which he had made and to immediately withdraw it, and for the court then to say to him in the presence of the jury, that what he had said was improper, was fully as well for the railway company as for the court to have had to first interpose and then counsel withdraw the statement or make excuse for having made it.

We think the case cannot be reversed by reason of what was said in the argument.

But it is said that the verdict is not sustained by the evidence. As has already been said, there is a conflict in the evidence as to just what occurred upon the car when Roebuck was ejected. There is evidence tending to show that his conduct upon the car and his treatment of the demand of the conductor for his fare were most objectionable and such as would justify his being put off from the car. On the other hand, there is evidence tending to show that Roebuck was in the act of getting out his money to pay his fare when he was put off. But, in no event would the conductor be justified, under the circumstances of this case, in

ejecting Roebuck from the car while it was in motion; and, if he did so eject him and he received greater injury than he would have received if he had been put off the car when it was at a stand-still, he would be entitled to recover.

The evidence as to the extent of the injuries which Roebuck received, is very unsatisfactory. The only physician who seems to have been called, was Dr. A. M. Baldwin; he says that he found a small abrasion on the left hand; that no bones were injured; that the abrasion was about the size of a silver ten-cent piece, and that, aside from this injury, he obtained no information as to any injury, except that Mr. Roebuck said that something was the matter with one of his knees, but he would not permit an examination because, he said, it did not amount to anything.

The weight to be given to the testimony of this physician is sought to be affected by the fact that he testified he was called with some frequency by the surgeon of the railroad company to look after people injured in accidents on the railroad. But he was called in this case, by the injured man or those acting for him, and, as already said, no other physician was called at all.

The injury happened on March 1, Roebuck went to the factory after his injury and, after working about an hour, went home. He did not work on the second, third and fourth of the month; on Saturday, the fifth, he worked nine hours; he worked every day of the next two weeks, and then was discharged from the employment of the company. He afterward went to Colorado and there remained from six to nine months, and, so far as appears by the evidence, was working during that time. He then went to England where he was at the time of the trial of this case in the court of common pleas. He says that he has suffered much pain since he went to England, but, if he was very seriously injured in this transaction, it seems strange that no medical man should have testified to that fact.

We are of opinion, therefore, that the verdict given by the jury, ot $550, is too great, and the judgment will be reversed, and the cause remanded for a new trial unless the defendant in error shall consent to remit $350. If this is done, the judgment for that amount will be affirmed.